DEWEY L. PETERS v. CAROLINA COTTON AND WOOLEN MILLS, INC., AND JOHN SMITH.

(Filed 26 November, 1930.)

1. **Electricity A a—Electricity is an intrinsically dangerous force and requires frequent inspection.**

    Electricity is a most deadly and dangerous power and requires frequent inspection and unremitting diligence on the part of those who furnish it for use.

2. **Master and Servant D a—Instruction that liability of owner letting work to independent contractor was that of master held error.**

    Where, in an action against an employer and the owner of a mill for injuries received by an employee in the construction of an addition thereto, the evidence discloses that the employer was an independent contractor, and that his foreman ordered the plaintiff employee to roll up a piece of wire connected to the wiring of the mill, and used for lighting the addition for the use of the workers, and that this lighting equipment was furnished by the owner, and that the employee, in attempting to remove the wire, was shocked and injured by reason of improper insulation, and that he had not been warned that the wire was charged with current: *Held*, the owner was under duty to exercise reasonable care to see that the wire was properly insulated, and the contractor was under duty to exercise like care to see that in rolling the wire the employee was not unduly exposed to danger, but an instruction that between the owner and the employee there existed the relation of master and servant is reversible error to the owner's prejudice as depriving it of the defense to which it was entitled.

APPEAL by defendants from *Johnson, Special Judge,* at February Term, 1930, of ROCKINGHAM. New trial.

Civil action to recover damages for personal injury in which the issues of negligence, contributory negligence, and damages were answered against the defendants and in which judgment was given in favor of the plaintiff.

*H. L. Fagge and Glidewell, Dunn & Gwyn for plaintiff.*
*King, Sapp & King for Carolina Cotton and Woolen Mills.*
*J. Hampton Price for John Smith.*

ADAMS, J.   The defendants made a contract in writing by the terms of which John Smith was to build a warehouse for his codefendant at an agreed price.   In his brief the plaintiff admits that Smith was an independent contractor for whose negligence the Carolina Cotton and Woolen Mills is not liable unless the work to be done by Smith was inherently dangerous or unless the company furnished instrumentalities for doing the work which were inherently and necessarily dangerous. *Denny v. Burlington,* 155 N. C., 33; *Hopper v. Ordway,* 157 N. C., 125; *Greer v. Construction Co.,* 190 N. C., 632; *Drake v. Asheville,* 194 N. C., 6.

The plaintiff testified that he had been employed by Grubbs, who was working under Smith; that at the time of the injury Smith was engaged in building a storage warehouse for the Carolina Cotton and Woolen Mills; that Smith's foreman instructed him to take down a wall which stood between the old building and the new; that while doing this work he found a wire laid on nails along the wall and was instructed by the foreman to remove it; that he had not been warned and did not know that it was charged with electricity, and that in rolling it up he came in contact with an uninsulated section of it and was thereby shocked and seriously injured.

There is evidence that the wire in question was a part of the electric system operated by the Carolina Cotton and Woolen Mills, and that it was connected by the company's electrician with a wire in the old building and extended to the one under construction.   The company put it up to enable the contractor to have lights while pouring cement and to use drills in boring holes in the woodwork.   Several drills were used for this purpose, one or two of which were furnished by the company. Here, then, was an instrumentality furnished, not by the contractor, but by the company.   Was it inherently dangerous?   If it was, the company cannot escape liability merely on the ground that Smith was an independent contractor.

The erection of a warehouse is not intrinsically dangerous, but electricity "is the most deadly and dangerous power recognized as a necessary agency in developing our civilization and promoting our comfort." *Mitchell v. Electric Co.,* 129 N. C., 166.   The danger it involves requires frequent if not constant inspection and unremitting diligence on the part of those who furnish it for use.   *Shaw v. Public Service Corporation,* 168 N. C., 611.   The law exacted of the company the duty of exercising reasonable care to see that the wire was properly insulated; and it imposed upon the contractor the duty of exercising like care to see that in rolling the wire his employee was not unduly exposed to danger. *Cotton v. R. R.,* 149 N. C., 227; *O'Brien v. Parks Cramer Co.,* 196 N. C., 359; *Paderick v. Lumber Co.,* 190 N. C., 308.

The trial judge instructed the jury in reference to the first issue upon the theory that Smith was not an independent contractor and that between the company and the plaintiff there existed the usual contractual relation of master and servant. As the plaintiff admits, this was erroneous. When it is sought to bring the relation existing between a party who furnishes instrumentalities and an employee of an independent contractor within the principle stated in *Paderick v. Lumber Co., supra,* the law as therein declared should be applied—not merely the law arising out of a contract of employment. The instruction deprived the company of the defense to which it was entitled and probably misled the jury as to the law with respect also to Smith.

We cannot hold upon the record evidence as a matter of law that the plaintiff was guilty of contributory negligence.

New trial.