L. E. BARNHARDT, ADMINISTRATOR OF THE ESTATE OF SAMUEL SMITH, DECEASED, v. CITY OF CONCORD AND THE BOARD OF LIGHT AND WATER COMMISSIONERS OF THE CITY OF CONCORD.

(Filed 13 April, 1938.)

1. **Master and Servant § 49—In this action at common law against city for death of E. R. A. worker, demurrer held properly sustained.**

This action was instituted by the administrator of an E. R. A. worker who was killed when a ditch along a street in which he was working caved in, the complaint alleging negligence on the part of the city. In a hearing before the Industrial Commission claim for compensation was denied on the ground that intestate was not an employee of the city. *Held:* Defendant city's demurrer on the ground that the Industrial Commission had exclusive jurisdiction was properly sustained. N. C. Code, 8081 (o).

2. **Municipal Corporations § 14—Demurrer held properly sustained in action against city to recover for death of employee of independent contractor.**

In this action at common law to recover for the death of plaintiff's intestate who was killed in the cave-in of a ditch in which he was working, the complaint alleged that intestate was working under the Emergency Relief Administration, which was an independent contractor, and that the cave-in of the ditch was caused by negligent failure to keep the sides of the ditch shored up, and by defendant city's negligence in permitting traffic along the street beside the ditch and in failing to keep its streets in reasonably safe condition. *Held:* Defendant city's demurrer was properly sustained, since the complaint alleges that intestate was an employee of E. R. A., and that this agency was an independent contractor.

3. **Master and Servant § 39b—Whether city could be held under "intrinsically dangerous" doctrine for death of employee of independent contractor, quære.**

Intestate was killed in a cave-in of a ditch in a city street in which he was working under the Emergency Relief Administration, which was performing the work as an independent contractor. Whether the Industrial Commission might hold the city liable under the provisions of the Compensation Act under the doctrine that a person may not escape liability for injuries to employees of independent contractors when the work is intrinsically dangerous, *quære.*

APPEAL by plaintiff from *Warlick, J.,* at February Term, 1938, of CABARRUS. Affirmed.

This is a civil action for actionable negligence brought by plaintiff against defendants, alleging damage. Defendants imposed a demurrer which was sustained and plaintiff excepted, assigned error, and appealed to the Supreme Court. The necessary facts will be stated in the opinion.

*Armfield, Sherrin & Barnhardt for plaintiff.*
*Hartsell & Hartsell and Waller D. Brown for defendants.*

CLARKSON, J.  The plaintiff contends that the sole question in this appeal by the plaintiff is whether or not there was error in the judgment of the court sustaining the demurrer by defendants to the complaint.  The pleading of plaintiff sets forth the work by plaintiff's intestate in digging a sewer drain in a street of defendants, negligence of defendants in failing to shore sides of sewer drain, which was about eight feet deep in said street, and in permitting long-continued travel of automobiles and trucks on said street, causing a side of said sewer drain to become loosened, after having failed to shore or brace same, and said loosened part of said street to fall on, crush and kill plaintiff's intestate, and alleging liability of defendants under the above facts, notwithstanding a decision of the North Carolina Industrial Commission on a proceeding brought by dependents of plaintiff's intestate that such intestate, being an ERA worker, was an employee of defendants, the demurrer to the complaint pleading lack of jurisdiction of the Superior Court because of the Workmen's Compensation Act, etc., and that the complaint failed to state a cause of action.

We think that plaintiff's contention cannot be sustained on two grounds: (1) It is alleged in the complaint "That on or about 9 July, 1936, Viola Sherrill Smith, wife of plaintiff's decedent, for herself and other dependents of her deceased husband, Samuel Smith, instituted a proceeding against the city of Concord, North Carolina, self-insurer, and the board of light and water commissioners of the city of Concord, before the North Carolina Industrial Commission for workmen's compensation for the same death injury pleaded in the instant action, which claim was denied by said Commission on 12 November, 1936, with award as follows: 'Upon the finding that the deceased was not an employee of the city of Concord the claim for compensation is denied and the case dismissed.' "

There was no appeal from the judgment of the Industrial Commission, which had jurisdiction.

N. C. Code, 1935 (Michie), sec. 8081(o), reads in part: "Neither the State nor any municipal corporation within the State, nor any political subdivision thereof, nor any employee of the State or of any corporation or subdivision shall have the right to reject the provisions of this article relative to payment and acceptance of compensation, and the provisions of secs. 8081(l), 8081(m), 8081(v), 8081(w), and 8081(x) shall not apply to them," etc.

We have a judgment of the Industrial Commission that plaintiff's intestate "was not an employee of the city of Concord." The city of Concord is out of the picture.

BARNHARDT *v.* CONCORD.

(2) It is further alleged in the complaint: "That the case at bar was begun by summons on 1 April, 1937, and that plaintiff is advised and believes that on the grounds set forth in the complaint, as to the duty by law resting upon the city of Concord and the board of light and water commissioners of the city of Concord, to keep its streets in good repair, and its failure to do so on the facts of the instant action, the plaintiff is entitled to recover in this action on the ground of negligent injury, apart from the fact that plaintiff's intestate was not at the time an employee of the city of Concord within the meaning of the Workmen's Compensation Act, but was working with the ERA, an independent contractor with said city, but at the time a Federal Bureau for relief of unemployment, by order of his superior in ERA, and in said ditch in said street on the occasion and under the circumstances as in his complaint previously set forth."

On this aspect we cannot hold with plaintiff. The complaint alleges that plaintiff was working with the ERA, and alleges that it was an independent contractor. This independent contractor was not made a party to the action and there is no allegation that this agency has the power of being sued.

It has been decided by this Court that a person working for the relief of himself and family and paid with funds provided by the Emergency Relief Administration is not "an employee" of the relief administration agencies within the meaning of the compensation act. N. C. Code, *supra*, 8081 (i), (b); *Jackson v. Relief Administration,* 206 N. C., 274; *Bell v. Raleigh,* 206 N. C., 275; *Shapiro v. Winston-Salem,* 212 N. C., 751.

It may be that the Industrial Commission could have heard the case against defendants on the "intrinsically dangerous" doctrine and held jurisdiction, but this they did not do.

In *Davis v. Summerfield,* 133 N. C., 325 (328), it is said: "There is yet another class of cases where there is an exception to the exemption, and that is where the thing contracted to be done is necessarily attended with danger, however skillfully and carefully performed, said by *Judge Dillon* to be 'intrinsically dangerous.' There the employer cannot escape liability for an injury resulting from the doing of the work, although the act performed might be lawful. 2 Dillon on Mun. Corp., sec. 1029." *Peters v. Woolen Mills,* 199 N. C., 753; *Teague v. R. R.,* 212 N. C., 33.

We see no error in the judgment of the court below and therefore the judgment is

Affirmed.