CATHERINE D. PAGE, ADMINISTRATRIX C.T.A. OF THE ESTATE OF CHAN-
NING NELSON PAGE, DECEASED, PLAINTIFF v. GEORGE SLOAN
AND HIS WIFE, REA SLOAN, CO-PARTNERS, TRADING AND DOING BUSI-
NESS AS OCEAN ISLE MOTEL, DEFENDANTS

No. 7120SC588

(Filed 20 October 1971)

1. Negligence §§ 5.1, 53; Innkeepers § 5— motel premises — explosion
of hot water heater — negligence of motel owner in hiring plumber
to make repairs

Issue of motel owners' negligence should have been submitted to
the jury, under the doctrine of *res ipsa loquitur*, in a wrongful death
action arising out of the explosion of an electric hot water heater
located on the motel premises, where (1) the water heater was under
the exclusive management and control of the owners and was main-
tained for the use of the guests; (2) the owners employed a plumber,
rather than an electrician, to repair the heater; (3) the plumber re-
moved a 2500 watt element from the heater, replaced it with a 4500
watt element, and reset the thermostat to a higher temperature read-
ing; and (4) the heater, which was rated for no more than a 3000
watt element, subsequently exploded and killed plaintiff's intestate.

2. Rules of Civil Procedure § 56— summary judgment — requisites

Summary judgment is proper only where movant shows that there
is no genuine issue as to any material fact and that he is entitled to
judgment as a matter of law.

3. Negligence §§ 6, 31— res ipsa loquitur — summary judgment

Application of the doctrine of *res ipsa loquitur* recognizes a
genuine issue as to the material fact of a defendant's actionable neg-
ligence and precludes summary judgment for the defendant.

4. Evidence § 3— matters of common knowledge — commercial use of hot
water heaters

It is a matter of common knowledge that electric hot water heaters
are widely used to fill the hot water requirements of residential, com-
mercial, and industrial users.

5. Negligence §§ 6, 31— res ipsa loquitur — explosion of hot water heater

In the absence of explanation, the explosion of an electric hot
water heater reasonably warrants an inference of negligence.

6. Negligence §§ 5.1, 53; Innkeepers § 5— owner of motel — liability to
guests

Although the hotel or motel keeper is not an insurer of the guest's
personal safety, he has the duty to exercise reasonable care to main-
tain the premises in a reasonably safe condition; and if his negligence
in this respect is the proximate cause of injury to a guest, he is liable
for damages.

7. Negligence § 29— explosion of hot water heater — jury question — thunderstorm or negligence of owner of heater

It was a question for the jury whether the explosion of an electric hot water heater was caused by a thunderstorm on the night preceding the explosion, or whether the explosion resulted from the negligence of a motel owner in hiring a plumber rather than a licensed electrician to repair the heater.

8. Master and Servant § 21; Innkeepers § 5— torts of independent contractor — hiring of plumber — repairs to electric hot water heater

A motel owner could be found negligent for hiring a plumber, rather than a licensed electrician, to make repairs to an electric hot water heater that subsequently exploded, notwithstanding the plumber was an independent contractor.

9. Master and Servant § 21— torts of independent contractor — liability of employer of the contractor

An employer or contractee is not ordinarily liable for the torts of an independent contractor committed in the performance of the contract; however, the employer may be liable if he knew, or by the exercise of reasonable care might have ascertained, that the contractor was not properly qualified to undertake the work.

APPEAL by plaintiff from a judgment of *Long, Judge,* filed 31 March 1971, following a hearing at the 18 January 1971 Session of Superior Court held in MOORE County.

Plaintiff, Administratrix C.T.A. of the Estate of Channing Nelson Page, instituted this action on 4 February 1966, to recover for the wrongful death of Channing Nelson Page, who was killed on 29 August 1964, by the explosion of an 82 gallon electric hot water heater located in an utility room of the Ocean Isle Motel in Brunswick County, North Carolina. She alleged that Mr. Page was a paying guest in said motel which was owned and operated by the defendants as co-partners and that Mr. Page was assigned a corner room which adjoined the utility room which contained the motel's hot water heater. This electric hot water heater was installed, used, and operated by defendants for the purpose of furnishing hot water to the various guest rooms of the Ocean Isle Motel. She alleged that the explosion of the electric hot water heater was the direct and proximate cause of the death of Page and that at all times the said water heater was in the exclusive possession and control of the defendants. She further alleged that the explosion of said electric hot water heater was caused by, or due to, the actionable negligence of the defendants.

Defendants answered admitting allegations of residence, the death of Channing Nelson Page, their ownership and operation of Ocean Isle Motel, their acceptance of Page as a paying guest and assigning him a corner room adjoining the utility room containing the electric hot water heater, the water heater serving the function of furnishing hot water to various guest rooms in the said motel, and said electric hot water heater exploding at the alleged time and place. However, the defendants specifically denied negligence on their part.

Pursuant to the provisions of Rule 16 of the Rules of Civil Procedure and Rule 7, General Rules of Practice in the Superior and District Courts, a final pre-trial conference was held in this action on the 7th day of January, 1971. It was stipulated that all the parties were properly before the court, and that the court had jurisdiction over the parties and the subject matter. The parties stipulated and agreed with respect to the following salient facts:

"(i) This hot water heater unit installed by Shallotte Hardware Company at Ocean Isle Motel remained in operation and use in the new units at that place from approximately April, 1962, until the explosion in August, 1964.

\*  \*  \*

"(k) In June or July, 1964, George Sloan and Rea Sloan had Olaf Thorsen check the hot water unit here in question due to a complaint of no hot water or insufficient hot water by motel guests. Olaf Thorsen removed the lower heating element of the water heater and obtained a replacement from Shallotte Hardware Company. The original heating element was of the size of 2500 watts. After the explosion it was determined that the lower heating element in the heater at the time of the explosion was an element of 4500 watt size.

"(1) The water heater in question was rated by an inscription on a plate attached thereto at 3000 watts for the upper element, at 2500 watts for the lower element, and at 3000 watts maximum.

\*  \*  \*

"(p) Olaf Thorsen was a licensed plumber in Brunswick County, North Carolina.

\*   \*   \*

"(r)  The 82 gallon electric hot water heater was man-
ufactured by State Stove and Manufacturing Company and
installed in the Ocean Isle Motel by Shallotte Hardware
Company and worked on by Olaf Thorsen and was the hot
water heater which exploded in the utility room adjacent
to the motel room occupied by Channing Nelson Page.

\*   \*   \*

"(s)  There was no inspection of the installation of the
hot water heater at the time of its installation in 1962 by
the N. C. Department of Labor Boiler Inspection Division
as required by North Carolina General Statutes. The in-
stallation was inspected by the Brunswick County inspector
who was not with the Department of Labor."

In addition to the foregoing stipulations, several deposi-
tions were considered by the trial judge at the hearing on
motion for summary judgment. These depositions, which were
considered by consent, included depositions of each of the
defendants, the deposition of Olaf Thorsen (the plumber-
repairman), and the depositions of each of the three partners
in Shallotte Hardware (the original installer of defendants'
electric hot water heater).

The deposition of Olaf Thorsen tends to show that he is
a licensed plumber, and that he has no license or experience as
an electrician. It tends to show that defendants called him to
adjust or repair the electric hot water heater because there was
no hot water. It tends to show that he removed a 2500 watt
heating element and replaced it with a 4500 watt element, and
reset the thermostat to a higher temperature reading. The stipu-
lations show that the water heater was rated for a 2500 watt
heating element, and a maximum of 3000 watts. The deposition
of Alton Milliken, a licensed electrician, tends to show that the
introduction of a 4500 watt heating element would heat the
water faster and would draw a larger current through the
thermostat which would tend to cause its points to melt and
thereby freeze the thermostat so that it would no longer control
the temperature. The deposition of Glenn Williamson tends to
show that the tank of defendants' electric hot water heater
was blown some two hundred to three hundred feet by the ex-
plosion.

Defendants' motion for summary judgment was heard during the 18 January 1971 Session of Superior Court held in Moore County. It was stipulated that Judge Long might enter judgment out of the District and after expiration of the Session. After consideration of the pleadings, depositions, and stipulations, Judge Long by judgment filed 31 March 1971 found that there was no genuine issue of any material fact as to liability and that defendants' motion for summary judgment should be granted. Plaintiff appeals.

*William D. Sabiston, Jr., and Tharrington & Smith, by Roger W. Smith, for plaintiff-appellant.*

*Anderson, Nimocks & Broadfoot, by Henry Anderson, for defendants-appellees.*

BROCK, Judge.

[1] Plaintiff-appellant insists that the doctrine of *res ipsa loquitur* is applicable in this case and, being entitled under that doctrine to have the case submitted to the jury, that summary judgment for defendant was error. We agree.

[2, 3] Summary judgment is proper only where movant shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Application of the doctrine of *res ipsa loquitur* recognizes that common experience sometimes permits a reasonable inference of negligence from the occurrence itself. In other words, the application of the doctrine of *res ipsa loquitur* recognizes a genuine issue as to the material fact of defendants' actionable negligence and precludes summary judgment for defendants.

The rules governing the application of the doctrine of *res ipsa loquitur* in North Carolina have been stated as follows: "When a thing which causes injury is shown to be under the exclusive management of the defendant and the accident is one which in the ordinary course of events does not happen if those in control of it use proper care, the accident itself is sufficient to carry the case to the jury on the issue of defendant's negligence." *O'Quinn v. Southard,* 269 N.C. 385, 152 S.E. 2d 538.

[4, 5] In this case the evidence before the trial judge clearly shows that the electric hot water heater was under the exclusive management and control of defendants, and that they had un-

dertaken the maintenance of it. It is a matter of common knowledge that electric water heaters are widely used to fill the hot water requirements of residential, commercial, and industrial users. When in a safe condition and properly managed, electric hot water heaters do not usually explode; therefore, in the absence of explanation, the explosion of an electric hot water heater reasonably warrants an inference of negligence. See: *Harris v. Mangum*, 183 N.C. 235, 111 S.E. 177.

[6]   A hotel or motel keeper, from the nature of his occupation, extends an invitation to the general public to use his facilities. When a paying guest goes to a hotel or motel the very thing he bargains for is the use of safe and secure premises for his sojourn. Although the hotel or motel keeper is not an insurer of the guest's personal safety, he has the duty to exercise reasonable care to maintain the premises in a reasonably safe condition; and if his negligence in this respect is the proximate cause of injury to a guest, he is liable for damages.

[7]   Defendants argue that *res ipsa loquitur* does not apply because the evidence leaves the cause of the explosion a matter of conjecture. The depositions of the two defendants which were before the trial judge indicated that a thunderstorm was in the area during the night preceding the explosion of the electric hot water heater. This testimony may constitute evidence for consideration by the jury as a possible explanation of the cause of the explosion, but its probative value is for jury determination and it does not remove the more reasonable inference that the cause of the explosion was negligence of defendants in the management and control of the electric hot water heater.

[8]   Defendants further argue that they lack the knowledge and skill to inspect and regulate the heater, that they reasonably relied upon an independent contractor for proper installation, and that they reasonably relied upon an independent contractor for repairs. The evidence before the trial judge discloses that defendants hired one Olaf Thorsen to adjust and repair the electric hot water heater. The evidence before the trial judge discloses that Olaf Thorsen is not a licensed electrician and is not experienced as an electrician, but is licensed and experienced only as a plumber. The evidence before the trial judge further discloses that the repair and maintenance on the electric hot water heater required working with, installing, and adjusting electrical wiring, electrical heating elements, and a thermostat

to control the flow of electrical current. At the time of the accident in question, G.S. 87-43 provided in part as follows: "No person, firm or corporation shall engage in the business of installing, maintaining, altering or repairing within the State of North Carolina any electric wiring, devices, appliances or equipment unless such person, firm or corporation shall have received from the Board of Examiners of Electrical Contractors an electrical contractor's license: . . . "

[9]  Plumbers who are answerable only for the result of their work are generally regarded as independent contractors. 41 Am. Jur. 2d, Independent Contractors, § 18. The general rule is that an employer or contractee is not liable for the torts of an independent contractor committed in the performance of the contracted work. 41 Am. Jur. 2d, Independent Contractors, § 24; 26 Am. Jur. 2d, Electricity, Gas, and Steam, § 52. However, a condition prescribed to relieve an employer from liability for the negligent acts of an independent contractor employed by him is that he shall have exercised due care to secure a competent contractor for the work. Therefore, if it appears that the employer either knew, or by the exercise of reasonable care might have ascertained that the contractor was not properly qualified to undertake the work, he may be held liable for the negligent acts of the contractor. 41 Am. Jur. 2d, Independent Contractors, § 26. "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons." Restatement, Second, Torts, § 411. The evidence of the repairs and maintenance performed on the electrical system of defendants' electric hot water heater by Olaf Thorsen tends to affirm the incompetence of defendants' independent contractor as an electrician.

[8]  This evidence before the trial judge tends to show a specific act of negligence on the part of defendants in failing to secure the services of a competent independent contractor and tends to strengthen the inference that the cause of the accident was defendants' negligence. The application of the doctrine of res ipsa loquitur to this case should not be denied because the evidence tends to show a specific act of negligence on the part

of defendants. *Brown v. Manufacturing Co.,* 175 N.C. 201, 203, 95 S.E. 168, 169.

The entry of summary judgment was error.

Reversed.

Judges VAUGHN and GRAHAM concur.