Gaston v. Smith

JANICE GASTON, ELEANOR FRANKLIN JONES v. ALBERT JUDSON SMITH

No. 7421SC6

(Filed 3 July 1974)

1. **Negligence § 6— res ipsa loquitur**

> The doctrine of *res ipsa loquitur* is applicable where the instrumentality which caused the damages was under the exclusive control of the defendant and the accident was such as does not ordinarily occur in the absence of negligence on the part of the defendant.

2. **Negligence § 31; Fires § 3— negligence in causing fire — res ipsa loquitur**

> In an action to recover for damages from a fire which originated in defendant's apartment and spread to plaintiffs' apartment, the trial court erred in submitting the case to the jury under the doctrine of *res ipsa loquitur*, and the case should have been submitted on the question of actionable negligence, where plaintiffs' evidence tended to show that the fire was caused by the intoxicated defendant's cigarette when he fell asleep while watching television and negatived other causes by showing that no combustibles were stored in the area where the fire started and that the fire was not electrical in origin.

APPEAL by defendant from *Wood, Judge,* 27 March 1973 Session of FORSYTH County Superior Court.

The plaintiffs Janice Gaston (Gaston) and Eleanor Franklin Jones (Jones) rented an apartment from the defendant Albert Smith (Smith). Smith lived in the other side of the duplex apartment. A fire broke out in the late hours of 3 February 1971, in the apartment of the defendant Smith and spread to the apartment of the plaintiffs. Considerable damage was done to the plaintiffs' personal property as a result of the fire. The plaintiffs brought suit against the defendant for the damages sustained. From a judgment in favor of the plaintiffs, the defendant gave notice of appeal.

Gaston v. Smith

The plaintiffs' evidence tended to show that the defendant lived alone in his apartment and was alone there on the night that the fire occurred. The defendant stated that he often watched television and was in the habit of falling to sleep two or three nights a week while watching television in his apartment. On the night in question, he admitted that he had been drinking alcoholic beverages and had been smoking before the fire occurred. He further testified that he had fallen asleep in a chair in front of the television set. When he awoke, he found the room to be ablaze. The defendant suffered burns to his right foot, right hand, and scalp. A police officer, who arrived at the scene of the fire and talked to the defendant at the hospital, testified that the defendant was under the influence of alcohol at the time the officer talked with him. The nurse who admitted the defendant to the hospital also testified that he was intoxicated and that he was rude to the nurses upon his admission. A fire inspector talked with the defendant at the hospital to inquire about the causes of the fire. The defendant stated that he did not know what caused the fire, but it could have been caused by careless smoking.

Expert testimony introduced at the trial indicated that the fire started in a three or four square foot area to the right of the chair in which the defendant had been seated. The fire started at floor level and spread along the floor to the wall and spread up the wall. There was no showing of any combustible materials having been stored in the area where the fire started. Also, the expert testimony showed that the fire was not electrical in origin and was not caused by a television set located in the general area.

The defendant testified that he fell asleep in the chair on the night in question. He further testified that he had been smoking, but had extinguished his cigarette a few moments before he went to sleep. He stated that he got burned when he opened the door to allow fresh air to come into the room and the burning drape fell on him. The defendant denied being intoxicated at the hospital. He did not know how the fire started.

*Jenkins, Lucas, Babb, and DeRamus, by Judson D. DeRamus, Jr., and R. Kenneth Babb for the plaintiffs-appellees.*

*Womble, Carlyle, Sandridge, and Rice by Allan R. Gitter for the defendant-appellant.*

CARSON, Judge.

**[1]** The defendant assigns as error the submission of the facts to the jury with an instruction on the doctrine of *res ipsa loquitur*. This doctrine is applicable where the instrumentality which caused the damages was under the exclusive control of the defendant and it was such as does not ordinarily occur in the absence of negligence on the part of the defendant. *O'Quinn v. Southard,* 269 N.C. 385, 152 S.E. 2d 538 (1967); *Page v. Sloan,* 12 N.C. App. 433, 183 S.E. 2d 813 (1971). It is not necessary to show the precise negligent act of the defendant to invoke the doctrine of *res ipsa.* In fact, if the specific acts of negligence are relied upon, direct or circumstantial evidence is normally required rather than an inference. *Lea v. Light Co.,* 246 N.C. 287, 98 S.E. 2d 9 (1957); *Colclough v. A. & P. Tea Co.,* 2 N.C. App. 504, 163 S.E. 2d 418 (1968).

A thorough discussion of the doctrine of *res ipsa loquitur* is contained in the case of *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33 (1960). This case concerned an automobile accident where a car in good mechanical condition ran off the road causing the injury. The traveled portion of the road was dry and paved. No other travelers were using the highway at the time and place of the accident. A tire mark was found leaving the paved surface of the road and leading to the wrecked vehicle. No other indications of tire marks were found. There was no evidence of a blow out, blinding lights, skidding, or other mechanical defects, or negligence on the part of another traveler. The Supreme Court held the doctrine of *res ipsa* to be inapplicable under those circumstances. It pointed out that many things other than the negligence of the operator can cause an automobile accident, and the fact of the accident is insufficient to give an inference of negligence. Rather, the court held that the evidence inferred that the defendant, in rounding the curve, failed to exercise due care, to maintain a proper lookout, and to keep his car under control, and that the case should have been submitted to the jury on the issue of actionable negligence.

**[2]** The facts in the instant case are analogous to those in the Lane case. The fire itself does not give rise to an inference of negligence. The plaintiffs, however, have gone further than the mere showing of the occurrence of the fire. Their evidence tended to show that the defendant was alone in his apartment at the time the fire broke out. He had been drinking, had been smoking, and had fallen asleep in front of the television set.

The fire broke out on the floor beside his chair. He was intoxicated when he was taken to the hospital. It further negatived other causes by showing that no combustibles were stored in the area and that the fire was not electrical in origin. As in the Lane case, the evidence presented by the plaintiff was sufficient to show that the specific cause of the injury was the careless smoking of the defendant. This circumstantial evidence was sufficient to submit to the jury the question of actionable negligence. *Kekelis v. Whitin Machine Works*, 273 N.C. 439, 160 S.E. 2d 320 (1968) ; *Wilkerson v. Clark*, 264 N.C. 439, 141 S.E. 2d 884 (1965). We hold, therefore, that the trial court committed error in submitting the case to the jury under the doctrine of *res ipsa*.

New trial.

Chief Judge BROCK and Judge MORRIS concur.