BAXTER ERNEST DEITZ v. WILLIAM E. JACKSON, D/B/A W. E. JACKSON CONSTRUCTION COMPANY; RAY COLEMAN; AND AMERICAN CONSTRUCTION, INC.; AND SYNTEK CORPORATION

No. 8126SC717

(Filed 18 May 1982)

1. **Master and Servant § 21; Negligence § 2— general contractor's liability for injury to employee of independent contractor**

A general contractor may be subject to liability for an injury done to a plaintiff as a proximate result of the general contractor's negligence in hiring an independent contractor to perform construction work, and plaintiff sufficiently apprised defendant of the events that produced his claim although the specific facts constituting the manner in which defendants were negligent in their hiring of a construction company were not alleged.

2. **Master and Servant § 21; Negligence § 2— employer's liability for tort of independent contractor in conduct of risky activity**

In an action in which plaintiff was injured by a nail from a ramset gun, the trial court improperly dismissed a count of plaintiff's complaint alleging the general contractor was vicariously liable for the tort of the independent contractor. If the plaintiff can prove at trial that the operation of a ramset gun during apartment construction was intrinsically dangerous, plaintiff's count that was dismissed would state a legally recognizable claim for relief, to wit, defendants' vicarious liability for the negligent torts of their independent contractor in the performance of a peculiarly risky activity.

Chief Judge MORRIS dissents.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 8 May 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 10 March 1982.

This appeal arises from the dismissal with prejudice of two counts of plaintiff's complaint in an action for damages.

On 20 March 1981, plaintiff filed an amended complaint which, under "Count Four," alleged, *inter alia,* the following:

On 17 October 1978, plaintiff was an employee of the Cody Helms Construction Company and was working at an apartment building construction site when he was struck in his right thigh by a nail which had been propelled from a ramset gun owned by defendant W. E. Jackson and operated by defendant Ray Coleman, then an employee of defendant Jackson. Ray Coleman, at the time the ramset gun propelled the nail into plaintiff's thigh, operated such gun in a negligent manner in that he, e.g., careless-

ly jarred the ramset gun against a support and thereby caused it to go off, carelessly operated the gun in a manner for which it was not designed, and operated the gun when he knew or should have known he was not properly qualified to do so. Defendant William E. Jackson

> knew or had reason to know that Ray Coleman was unskilled, unknowledgeable and unlicensed to use the ramset gun and yet, with this knowledge he did then entrust the ramset gun of which he had charge, to Ray Coleman, creating an appreciable risk of harm to the public and to the plaintiff herein.

The general contractor, which was either defendant American Construction, Inc., or Syntek Corporation, "had a duty to hire and keep on the jobsite, competent workmen and construction companies." "W. E. Jackson Construction Company and Ray Coleman were not competent construction companies and workmen," and the general contractor "breached its duty to plaintiff . . . by their failure to hire competent construction companies and workmen, and by their negligent hiring of Ray Coleman and W. E. Jackson Construction Company, and that by reason thereof and by reason of the actions of Ray Coleman, plaintiff was injured." Finally, as a proximate result of the general contractor's failure to perform its duties and negligent performance of its duties, plaintiff incurred damages.

Also contained in plaintiff's amended complaint was his "Count Five," which incorporated by reference the pleadings in "Count Four" and additionally alleged, *inter alia,* the following:

> [T]he ramset gun was a dangerous instrumentality which Syntek Corporation or American Construction, Inc., knew or should have known would be used on and about the construction site and . . . the duties in supervising the use of this dangerous instrumentality were nondelegable to W. E. Jackson Construction Company, and that this duty was breached by Syntek Corporation and/or American Construction, Inc., and by reason whereof the plaintiff was injured.

Defendants Syntek Corporation and American Construction, Inc., moved to dismiss Counts Four and Five of plaintiff's amended complaint, on the grounds that such counts failed to state a

claim upon which relief can be granted. From the court's order dismissing such counts with prejudice, plaintiff appealed.

*Harris, Bumgardner & Corry, by Seth H. Langson, for plaintiff appellant.*

*Cansler, Lockhart, Parker & Young, by John M. Burtis, for defendant appellee American Construction, Inc.*

*Caudle, Underwood & Kinsey, by C. Ralph Kinsey, Jr., for defendant appellee Syntek Corporation.*

HEDRICK, Judge.

"A complaint is deemed sufficient to withstand a motion to dismiss under Rule 12(b)(6) where no insurmountable bar to recovery appears on the face of the complaint and the complaint's allegations give adequate notice of the nature and extent of the claim." *Presnell v. Pell,* 298 N.C. 715, 719, 260 S.E. 2d 611, 613 (1979). "A claim for relief should not suffer dismissal unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim." *Presnell v. Pell, supra* at 719, 260 S.E. 2d at 613.

With respect to the allegations contained in "Count Four" of plaintiff's amended complaint, defendants argue that dismissal was proper in that a general contractor's negligence in hiring an independent contractor to perform construction work is not actionable; alternatively, defendants argue that even if such negligence were actionable, dismissal was proper in that "plaintiff's Complaint neglects to allege those facts demonstrating defendants' failure to exercise reasonable care in hiring" the independent contractor.

[1] In determining whether there is any cause of action for the negligent hiring of an independent contractor, the following statement from *Page v. Sloan,* 12 N.C. App. 433, 439, 183 S.E. 2d 813, 817, *cert. allowed,* 279 N.C. 727, 184 S.E. 2d 886 (1971), *affirmed,* 281 N.C. 697, 190 S.E. 2d 189 (1972), is controlling:

> The general rule is that an employer or contractee is not liable for the torts of an independent contractor committed in the performance of the contracted work. . . . However, a condition prescribed to relieve an employer from liability for

the negligent acts of an independent contractor employed by him is that he shall have exercised due care to secure a competent contractor for the work. Therefore, if it appears that the employer either knew, or by the exercise of reasonable care might have ascertained that the contractor was not properly qualified to undertake the work, he may be held liable for the negligent acts of the contractor. . . . "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons."

Hence, a general contractor may be subject to liability for an injury done to a plaintiff as a proximate result of the general contractor's negligence in hiring an independent contractor to perform construction work.

The next inquiry is whether plaintiff's "Count Four" was subject to dismissal for insufficiently pleading the facts constituting defendants' alleged negligent hiring of an independent contractor. A motion to dismiss under Rule 12(b)(6) may not be successfully interposed to a complaint which was formerly labeled a "defective statement of a good cause of action;" for such complaint, other provisions of Rule 12, the rules governing discovery, and the motion for summary judgment provide procedures adequate to supply information not furnished by the complaint. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). "Detailed fact pleading is not required." *North Carolina National Bank v. Wallens*, 31 N.C. App. 721, 722, 230 S.E. 2d 690, 691 (1976). In the present case, "Count Four" of plaintiff's complaint alleges that defendants had a duty to hire competent construction companies on plaintiff's jobsite, that defendants breached such duty by negligently hiring an incompetent construction company, and that as a proximate result thereof, plaintiff was injured. Although the specific facts constituting the manner in which defendants were negligent in their hiring of a construction company were not alleged, such specificity was not required where, as here, the complaint sufficiently apprised defendants of the events that produced the claim and of what the claim was. "Count Four" discloses no insurmountable bar to recovery and gives defendants adequate notice of the

nature and extent of a legally recognized claim; hence, dismissal of plaintiff's "Count Four" was improper. *See Presnell v. Pell, supra.*

[2] With respect to "Count Five" of plaintiff's amended complaint, we turn to the law on an employer's liability for the torts of an independent contractor in the conduct of peculiarly risky activities. "[W]here it is reasonably foreseeable that harmful consequences will arise from the activity of . . . [an independent] contractor unless precautionary methods are adopted, the duty rests upon the employer to see that these precautionary measures are adopted and he cannot escape liability by entrusting this duty to the independent contractor." *Dockery v. World of Mirth Shows, Inc.*, 264 N.C. 406, 410, 142 S.E. 2d 29, 32 (1965); *see also Evans v. Elliott*, 220 N.C. 253, 17 S.E. 2d 125 (1941); *Cole v. City of Durham*, 176 N.C. 289, 97 S.E. 33 (1918). This rule imposes liability on an employer for the negligent torts of independent contractors performing, for the employer, an activity which would result in harmful consequences unless proper precautions are taken; the liability is imposed on the employer "since public policy fixes him with a non-delegable duty to see that the precautions are taken." *Evans v. Elliott, supra* at 259, 17 S.E. 2d at 129. " '[T]he cases of "non-delegable duty" . . . hold the employer liable for the negligence of the contractor, although he has himself done everything that could reasonably be required of him. They are thus cases of vicarious liability.' " *Hendricks v. Leslie Fay, Inc.*, 273 N.C. 59, 62, 159 S.E. 2d 362, 366 (1968).

Since this vicarious liability of the employer for the torts of the independent contractor obtains only when the independent contractor is performing certain kinds of activity for the employer, it is necessary to elaborate further on the kind of activity which will occasion an employer's vicarious liability for his independent contractor's torts. On the one hand, this activity must be "work which, as a general rule may be carried out with safety if certain precautions are observed, [but] will likely cause injury if these precautions are omitted," *Evans v. Elliott, supra* at 259, 17 S.E. 2d at 129;

> [i]t is not essential, to come under the rule, that the work shall involve a major hazard . . . [;] [i]t is sufficient if there is a recognizable and substantial danger inherent in the work,

as distinguished from a danger collaterally created by the independent negligence of the contractor, which latter might take place on a job itself involving no inherent danger.

*Evans v. Elliott, supra* at 259, 17 S.E. 2d at 128. On the other hand,

[t]he rule in regard to "intrinsically dangerous work" is based upon the unusual danger which inheres in the performance of the contract, and not from the collateral negligence of the contractor . . . [; m]ere liability to injury is not the test, as injuries may result in any kind of work where it is carelessly done, although with proper care it is not specially hazardous.

*Vogh v. F. C. Geer Co.*, 171 N.C. 672, 676, 88 S.E. 874, 876 (1916). The difficulty in determining whether there may be employer's vicarious liability lies in making the not altogether obvious distinction between work done by an independent contractor which is intrinsically dangerous in that harm will likely result if precautions are not taken, and work which is not intrinsically dangerous in that it is merely the sort of work which could produce injury if carelessly performed.

There also remains the following question: Is the determination of whether an activity is sufficiently dangerous to allow for employer's vicarious liability one of law, or of fact? In the following cases, the determination was made by the court as a matter of law: *Evans v. Elliott, supra; Peters v. Carolina Cotton & Woolen Mills, Inc.*, 199 N.C. 753, 155 S.E. 867 (1930); *Vogh v. F. C. Geer Co., supra; Greer v. Callahan Construction Co.*, 190 N.C. 632, 130 S.E. 739 (1925); *Cole v. City of Durham, supra*. Hence, we hold that the court may pass upon the intrinsic dangerousness of an activity as a matter of law.

In the present case, "Count Five" of plaintiff's amended complaint alleges that defendant's independent contractor, W. E. Jackson Construction Company, was negligent in its operation of the ramset gun during construction work, and that the operation of the ramset gun during construction work was an activity involving a "dangerous instrumentality." Hence, if the operation of a ramset gun during apartment construction were intrinsically dangerous, plaintiff's "Count Five" would state a legally recognizable claim for relief, to wit, defendants' vicarious liability

Deitz v. Jackson

for the negligent torts of their independent contractor in the performance of a peculiarly risky activity. In determining whether an activity is sufficiently hazardous to create a non-delegable duty of taking precautions in its performance, known conditions under which the contract is to be carried out, and the time, place, and circumstances attending the work must be considered. *Evans v. Elliott, supra.* Plaintiff's allegations here, however, state only that the ramset gun was a "dangerous instrumentality" which propels nails, that the gun was being used during apartment construction, and that its use was within the contemplation of defendants, who had a nondelegable duty to supervise its use. There are no allegations of circumstances which would render the activity unusually and inherently dangerous as opposed to the ordinary dangerousness which accompanies countless activities when they are negligently performed; nor are there allegations or circumstances which would constitute an insurmountable bar to a finding that the activity was inherently dangerous. As in *Orange County v. North Carolina Department of Transportation,* 46 N.C. App. 350, 383, 265 S.E. 2d 890, 911 (1980), "[w]e cannot say at this stage of the proceeding as a matter of law that appellants have not herein stated a claim." Evidence pertaining to the conditions under which the contract was to be performed by the independent contractor, and the time, place, and circumstances of that performance may be adduced in further proceedings, and a determination then may be made as to whether the activity was sufficiently dangerous to allow for defendants' vicarious liability. We therefore hold that the activity alleged, taken in the light most favorable to plaintiff, was sufficient to survive a Rule 12(b)(6) motion to dismiss. Hence, plaintiff's "Count Five" was improperly dismissed.

We hold that the order allowing defendants' Rule 12(b)(6) motions be reversed, and that the cause be remanded to superior court for further proceedings.

Reversed and remanded.

Judge VAUGHN concurs.

Chief Judge MORRIS dissents.