B&J SALES AND SERVICE CORPORATION v. J. EDWARD MOSS, D/B/A ELEC-
TRO SPEC

No. 8227SC969

(Filed 20 September 1983)

**Negligence § 6— doctrine of res ipsa loquitur properly not submitted to jury**

A trial court properly failed to submit to the jury the theory of *res ipsa
loquitur* in a negligence action where the evidence presented two precise but
conflicting versions of the cause of a fire. Where circumstantial evidence
points to a specific cause of a fire and negates other causes, the question of ac-
tionable negligence should be submitted to the jury, but not the theory of *res
ipsa loquitur.*

APPEAL by plaintiff from *Owens, Judge.* Judgment entered
27 May 1982 in Superior Court, GASTON County. Heard in the
Court of Appeals 23 August 1983.

Plaintiff sued defendant for negligence in connection with a
fire which destroyed plaintiff's machine shop.

The fire broke out on a Sunday morning while two of plain-
tiff's employees were working outside the machine shop. The
employees had turned on the power to one of the buildings, send-
ing electricity to the automatic screw machine and other equip-
ment and lights, but the building was unoccupied when the fire
broke out.

The jury answered the issue of defendant's negligence in
defendant's favor. From judgment entered on the verdict, plaintiff
has appealed.

*Harris, Bumgardner and Carpenter, by Seth H. Langson, and
Hollowell, Stott, Hollowell, Palmer and Windham, by Grady B.
Scott, for plaintiff.*

*Golding, Crews, Meekins, Gordon and Gray, by James P.
Crews and Rodney Dean, for defendant.*

WELLS, Judge.

The sole question for review in this appeal is whether the trial judge erred in refusing to instruct the jury on the doctrine of *res ipsa loquitur* as requested by the plaintiff. *Res ipsa loquitur* permits an inference of negligence, based on common experience, from the occurrence of something that ordinarily does not happen in the absence of negligence. *Snow v. Duke Power Co.*, 297 N.C. 591, 256 S.E. 2d 227 (1979).

Plaintiff presented evidence through five witnesses: plaintiff, its two employees, Mr. Parker and Mr. Goins, and two expert witnesses, Dr. McKnight and Mr. Smith. Through the testimony of these witnesses and exhibits used by them, the origin of the fire in plaintiff's machine shop was carefully and expertly traced to a specific cause: the electrical ignition of oil present in the cable housing containing the electric wires of the screw machine, the oil having been allowed into the cable housing because of the type of housing (non-seal tight) used by defendant when defendant rewired the screw machine.

Plaintiff's evidence tended to show the following: plaintiff hired defendant to repair and rewire the electrical system of an automatic screw machine. Defendant worked on the machine from time to time from July to September of 1980. On 9 November 1980 two of plaintiff's employees, Mr. Parker and Mr. Goins, arrived at the machine shop to strip copper from old motors in order to earn Christmas money. The weather was nice so they worked outside. After about fifteen minutes, Mr. Parker noticed smoke coming from the building containing the screw machine. He rushed into the building and saw fire and smoke around the electrical control panel mounted on the screw machine. He did not see fire anywhere else in the building. Mr. Parker tried to extinguish the blaze while Mr. Goins called the fire department, but the building was quickly consumed by fire.

Dr. McKnight testified that defendant's use of flexible metal conduit in rewiring the screw machine created a hazard because it exposed electrical wires to flammable oil sprayed around the area of the screw machine while it was in use. McKnight stated that it was his opinion that the presence of oil in the control circuits was the probable cause of the fire, and that oil seeped into

the circuits because the flexible metal conduit used was not liquid-tight.

Mr. Smith identified the same specific negligence as causing the fire. He stated that defendant's use of flexible metal conduit violated sound electrical principles, that the fire started in the conduit, and that "failure to use the sealtight conduit . . . did result in a fire."

The testimony of Dr. McKnight and Mr. Smith also tended to eliminate the possibility of the fire starting anywhere but in the metal conduit of the screw machine.

Defendant's evidence tended to rebut plaintiff's evidence that defendant's choice of conduit was negligent. He showed that the screw machine manufacturer used flexible metal conduit. In his opinion, the conduit he chose was in compliance with the National Electric Code because its higher abrasion resistance was necessary to protect the wires from metal filings around the screw machine. Defendant's expert witness, Mr. Bolen, testified that flexible metal conduit was proper under the National Electric Code, that oil was not likely to penetrate it, and that the amperage in the one energized wire in the conduit was too low to ignite any oil.

Thus, plaintiff and defendant presented two precise but conflicting versions of the cause of the fire. In such a case,

> The question of *res ipsa loquitur*, which plaintiff desires to have considered, is hardly available on the record, for all the conditions attendant on the occurrence were fully observed and testified to by the witnesses, and the case was properly made to depend upon whether the account of the occurrence given by plaintiff or by defendant's witnesses should prevail.

*Baldwin v. Smitherman*, 171 N.C. 772, 88 S.E. 854 (1916). Where circumstantial evidence points to a specific cause of a fire and negates other causes, the question of actionable negligence should be submitted to the jury, but not the theory *res ipsa loquitur*. *Gaston v. Smith*, 22 N.C. App. 242, 206 S.E. 2d 311, *cert. denied*, 285 N.C. 658, 207 S.E. 2d 753 (1974). *See also* 2 Brandis, *North Carolina Evidence* § 227 at 205 (2d rev. ed., 1982).

Briar Metal Products v. Smith

The trial court instructed the jurors in part that they should find the defendant negligent if (1) defendant "failed to use sealtight conduit when he knew or should have known that the failure to do so would allow the intrusion of oil into the conduit and cause a fire in the event of a short circuit, . . ." or (2) defendant failed to seal the power panel box, when he knew or should have known that failure to do so could allow oil into the box, creating a fire hazard, or (3) defendant contracted to rewire the screw machine to new machine standards and failed to do so. These instructions cover the reasonable inferences of negligence that can be drawn from the evidence.

No error.

Judges HEDRICK and PHILLIPS concur.