SHIRLEY DAVIS JIGGETTS, (NOW YANCEY), PLAINTIFF-APPELLANT v. MICHAEL LANCASTER AND REGIONAL ACCEPTANCE CORPORATION, DEFENDANT-APPELLEES

No. COA99-1066

(Filed 20 June 2000)

**Employer and Employee— negligent hiring—independent contractor**

In a negligent hiring case against defendant Regional Acceptance Corporation (RAC) based on defendant Lancaster's alleged assault of plaintiff in the course of repossessing plaintiff's automobile, the trial court did not err in granting summary judgment under N.C.G.S. § 1A-1, Rule 56(e) in favor of defendant RAC because: (1) Lancaster was an independent contractor and not an employee of RAC since Lancaster alone controlled the method and manner of performing the tasks for which he was hired; (2) none of the evidence reveals that RAC should have known of Lancaster's alleged aggressive behavior since Lancaster has never been involved in, or accused of, aggressive behavior prior to his encounter with plaintiff; and (3) the activity of repossession of automobiles is not a nondelegable duty which would cause RAC to be responsible for the torts of an independent contractor.

Appeal by plaintiff from summary judgment entered 10 May 1999 by Judge Henry W. Hight, Jr., in Vance County Superior Court. Heard in the Court of Appeals 16 May 2000.

*Harvey D. Jackson for plaintiff appellant.*

*Young Moore and Henderson, P.A., by Robert C. Paschal, for Regional Acceptance Corporation defendant appellee.*

JIGGETTS v. LANCASTER

[138 N.C. App. 546 (2000)]

HORTON, Judge.

On 21 October 1996, Shirley Davis Jiggetts (now, Yancey) (plaintiff) filed this action against Michael Lancaster and Regional Acceptance Corporation (RAC) alleging that defendant Lancaster assaulted her on 30 September 1993 in the course of repossessing her automobile; that Lancaster was employed by RAC; that RAC was negligent in hiring Lancaster to repossess plaintiff's vehicle; that plaintiff was injured as the result of the assault; and that Lancaster and RAC are jointly and severally liable for her damages. Plaintiff never obtained service on Michael Lancaster and he is not a party to this appeal. Defendant RAC moved for summary judgment, which motion was allowed. Plaintiff appealed.

RAC argued below that Lancaster was an independent contractor hired to repossess plaintiff's automobile, and was not an employee of RAC. In support of its motion, RAC introduced the affidavit of Lancaster to the effect that he did business as Interstate Recovery, and was hired "[o]n a fee for service basis . . . by finance companies to repossess and take lawful custody of collateral pledged by debtors to secure loans from finance companies." Lancaster averred that he had never been an employee of RAC, that he negotiated with RAC with respect to the fees he charged it, and that he was paid separately for each job. Lancaster stated that he "alone control[s] the method[] and manner of performing the tasks for which [he is] hired. Regional Acceptance Corporation has at no point had control or exercised the right to control the details of the jobs [he performs] for them." Finally, Lancaster stated that he had no criminal record, and had no previous complaints against him based on his actions in repossessing secured collateral.

A senior vice-president of RAC also submitted an affidavit confirming the statements in Lancaster's affidavit. His affidavit further stated that Lancaster had never previously been charged with assault and neither had a physical encounter with someone whose car was being repossessed, nor had ever exhibited aggressive behavior towards any of RAC's debtors.

Plaintiff submitted an affidavit in response to the motion for summary judgment describing Lancaster's actions when trying to repossess her automobile, including allegations that he pushed her to the ground twice and injured her knee. Plaintiff did not submit any affidavits or other material relating to the question of Lancaster's status as an independent contractor. As a general rule, "an employer or contractee is not liable for the torts of an independent contractor com-

mitted in the performance of the contracted work. However, a condition prescribed to relieve an employer from liability for the negligent acts of an independent contractor employed by him is that he shall have exercised due care to secure a competent contractor for the work." *Page v. Sloan*, 12 N.C. App. 433, 439, 183 S.E.2d 813, 817 (citations omitted), *cert. allowed*, 279 N.C. 727, 184 S.E.2d 886 (1971), *aff'd*, 281 N.C. 697, 190 S.E.2d 189 (1972). "The vital test [of one being an independent contractor] is to be found in the fact that the employer has or has not retained the right of control or superintendence over the contractor or employee as to details." *Hayes v. Elon College*, 224 N.C. 11, 15, 29 S.E.2d 137, 140 (1944).

Here, defendant RAC offered affidavits to support its motion for summary judgment, and plaintiff chose not to address either of these dispositive issues in her affidavit. Rule 56 of our Rules of Civil Procedure provides in pertinent part that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e) (1999) (emphasis added). Here, plaintiff has not set forth specific facts showing that there is a genuine issue for trial. Consequently, we are unable to hold that a genuine issue of material fact exists with regard to Lancaster's relationship to RAC. Further, plaintiff submitted nothing to raise an issue of material fact with regard to RAC's allegedly negligent hiring of Lancaster. None of the evidence before the trial court supports plaintiff's claim that RAC should have known of Lancaster's alleged penchant for aggressive behavior and the likelihood that he would assault plaintiff. What evidence there is tends to show that Lancaster has never been involved in, or accused of, aggressive behavior prior to his encounter with the plaintiff.

Finally, plaintiff argues that the duty to repossess collateral in a peaceful manner is a nondelegable duty. Thus, RAC is responsible, according to plaintiff, for any actions of Lancaster in carrying out the repossession of her automobile. In some instances, an employer may be responsible for the torts of an independent contractor when the independent contractor is engaged in "peculiarly risky activities" for

which "precautionary methods" must be adopted. *Deitz v. Jackson*, 57 N.C. App. 275, 279, 291 S.E.2d 282, 285 (1982). Here, unlike the situation in *Deitz*, there are no allegations in either plaintiff's complaint or affidavit that the repossession of secured collateral is a "peculiarly risky" activity or that there is some substantial danger inherent in the business of repossession of automobiles. The affidavits submitted by defendant RAC support its position that it has had no complaints in the past regarding the activities of Lancaster in carrying out repossessions for it, that Lancaster has no previous charges of assault on its debtors, nor does he have a reputation for aggressive behavior. Nothing in this record supports the view that the activity of repossession of automobiles is inherently dangerous, and plaintiff does not cite authority supporting such a view. Further, we are not convinced by plaintiff's argument that public policy requires such a result. Consequently, even assuming the question is properly before us, we decline to extend the doctrine of nondelegable duties to the extent sought by plaintiff.

There being no genuine issues of material fact, the judgment of the trial court is

Affirmed.

Judges GREENE and HUNTER concur.