W. H. DRAKE v. CITY OF ASHEVILLE AND JOHN M. GEARY.

(Filed 10 June, 1927.)

1. **Negligence—Contracts—Independent Contractor—Safe Place to Work —Municipal Corporations—Cities and Towns.**

   Where a city contracts for the erection of a market house, to be not exceeding a certain cost when completed and accepted, and to pay the contractor in a certain sum for his services, and does not reserve or have supervision of the workmen or the contractor in relation thereto, the latter to pay all the cost of erection: *Held*, the contractor, under the terms of the contract, is an independent one, and the city is not liable in damages to an employee of the contractor for a personal injury caused by the failure of the contractor to furnish a reasonably safe place to work under the rule of the prudent man.

**2. Contracts—Independent Contractor—Questions of Law—Courts.**

Whether one employed to erect a building is an independent contractor is a question of law to be determined from the written contract.

**3. Negligence—Master and Servant—Safe Place to Work — Evidence— Questions for Jury.**

Evidence that the plaintiff was injured in the course of his employment by the failure of his fellow-servant to exercise ordinary care in furnishing him sound plank with which he and another employee were required to build a scaffold to a building on which he was to do his work, is sufficient to take the case to the jury upon the question of the actionable negligence of the defendant to perform his nondelegable duty in this respect.

APPEAL by plaintiff from *Raper, Emergency Judge,* at February Term, 1927, of BUNCOMBE.

Action to recover damages for personal injury. Plaintiff alleged that the defendant Geary, as vice-principal of his codefendant, had authority over carpenters and other laborers engaged in putting up a building for the city; that plaintiff was one of the carpenters employed by the defendants, and in the prosecution of his work was required to case certain windows in the building; that a scaffold was necessary; that plaintiff and another constructed a scaffold out of material furnished by the defendants; that the material was defective; that the defendants negligently failed to furnish material which was suitable for a scaffold; that after the scaffold was built plaintiff went upon it in the discharge of his duties; that owing to defective and unfit material, the scaffold gave way, and that he was thrown to the concrete floor eight feet below and was seriously injured. Among several other defenses, the city alleged that Geary was an independent contractor, for whose negligence, if any, it was not responsible; and Geary, denying all allegations of negligence, contended that in no aspect of the testimony was there evidence of negligence on his part. At the conclusion of the evidence the court gave judgment as in case of nonsuit, and the plaintiff excepted and appealed.

The contract between the defendants was as follows:

"That the said party of the first part (Geary), for and in consideration of one dollar ($1.00) to him in hand paid, receipt of which is hereby acknowledged, does agree with the party of the second part (City) to erect, build, construct and supervise the erection, building and construction and purchasing of the necessary material and supplies, the hiring and the supervision of the necessary mechanics and laborers, to erect the new city market, fire and police stations, just south of the present city hall, between Market and Spruce streets, in the city of Asheville, and on the present property owned by said city.

"That the party of the first part guarantees that the cost of said building shall in no case exceed three hundred and ten thousand dollars

($310,000), and that said building will be completed within a period of eight (8) months from the date the work is commenced, due allowance to be made for strikes, weather conditions, etc., beyond the control of the party of the first part.

"That the said party of the first part is hereby allowed the privilege of changing and altering the present plans and specifications consistent with good workmanship and with the idea in view of erecting a satisfactory type of building for the purposes said building is to be used, at the very lowest cost consistent with good workmanship and a satisfactory building. Such cost made necessary by additions and betterments is not to be considered as part of the guaranteed cost of $310,000, but shall be approved by the party of the second part as additions to the contract; also the party of the first part does hereby agree to make such changes, additions, and betterments at cost and without additions to his original fee of $20,000.

"The party of the second part hereby agrees to pay all material bills as presented and O.K.'d by the party of the first part.

"The party of the first part hereby agrees to give a good and sufficient bond for the faithful performance of the contract hereby agreed upon between the party of the first part and the party of the second part.

"The party of the second part hereby agrees to pay the party of the first part a fixed fee in the sum of $20,000 for the faithful performance of his contract, said fee to be paid at such times as the party of the first part requests, but in no case at any time during the construction of the building to exceed eighty per cent (80%) of the total fee hereinbefore mentioned, and the final twenty per cent (20%) to be paid upon the completion of the building and upon acceptance of the building by the party of the second part.

"In witness whereof the party of the first part and the party of the second part have hereunto affixed their hands and seals, this 12 June, 1924."

*Mark W. Brown and J. Scroop Styles for plaintiff.*
*R. R. Williams for the city of Asheville.*
*Merrimon, Adams & Adams for John M. Geary.*

ADAMS, J. That the defendant Geary was an independent contractor is one of the defenses on which the city of Asheville relies, and if this defense is established, the merits of others which are claimed to be available will not be discussed. This Court has often applied the doctrine, subject, of course, to certain exceptions, that for the actionable negligence of an independent contractor, the person for whom the work is done cannot be made to respond in damages. *Craft v. Timber Co.,* 132 N. C., 152, 158; *Denny v. Burlington,* 155 N. C., 33; *Greer v. Con-*

*struction Co.,* 190 N. C., 632, 635. It has endeavored, also, to maintain the equally familiar principle that the interpretation of a contract which is free from ambiguity involves a matter of law for the decision of the court and not a matter of fact for the determination of the jury. *Young v. Lumber Co.,* 147 N. C., 26; *Gay v. R. R.,* 148 N. C., 336. The question we are to consider, therefore, is whether under the terms of the written agreement Geary was an independent contractor.

.The term "independent contractor" has been variously defined, but the definitions embrace all the elements which are essential to an independent contract. "Where the contract is for something that may lawfully be done, and is proper in its terms, and there has been no negligence in selecting a suitable person to contract with in respect to it, and no general control is reserved either in respect to the manner of doing the work or the agents to be employed in it, and the person for whom the work is to be done is interested only in the ultimate result of the work, and not in the several steps as it progresses, the latter is not liable to third persons for the negligence of the contractor as his master." *Craft v. Timber Co., supra.* "An independent contractor is one who undertakes to produce a given result, but so that in the actual execution of the work he is not under the order or control of the person for whom he does it, and may use his own discretion in things not specified." *Young v. Lumber Co., supra.* "One who contracts to do a specific piece of work, furnishing his own assistants, and executing the work either entirely in accordance with his own ideas or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor and not a servant." *Beal v. Fibre Co.,* 154 N. C., 147. "One for whom work is done is not the master or employer of him who has contracted to do the work when by virtue of the terms of the contract, the latter is an independent contractor; nor does the relationship exist between a contractor and his subcontractor when the latter is an independent contractor. An independent contractor has been defined as one who exercises an independent employment, contracts to do a piece of work according to his own judgment and methods, and without being subject to his employer, except as to the results of the work, and who has the right to employ and direct the action of the workmen, independently of such employer and freed from any superior authority in him to say how the specified work shall be done, or what the laborers shall do as it progresses." *Greer v. Construction Co., supra.*

Interpreted in the light of these and other decisions of the same import, the contract, in our opinion, makes Geary an independent contractor. The contract was lawful as to its purpose and proper as to its terms; there is no evidence that the city was negligent in the selec-

tion of Geary; it reserved no general control over the work in respect either to the manner in which it was to be done or to the workmen who were to be employed; it was interested only in the result and not in the several steps of the work as it progressed. Geary contracted to put up the building, to purchase the material and supplies, and to hire the mechanics and laborers. He was authorized to change the plans and specifications—the cost of the additions to be approved by the city, because he agreed to charge for the additional work nothing more than the actual cost. For these reasons, Geary, in our opinion, was not a servant, but an independent contractor, for whose negligence, if any, the city is not liable. *Aderholt v. Cordon,* 189 N. C., 748; *Cole v. Durham,* 176 N. C., 289, 300; *Simmons v. Lumber Co.,* 174 N. C., 220; *Gadsden v. Craft,* 173 N. C., 418.

A municipal corporation exercises certain functions for special or private corporate purposes, and others by virtue of certain attributes of sovereignty. It is contended that in constructing the building the city was in the exercise of a governmental function, but the decision of this question requires evidence which will fully disclose the purposes for which the building was to be constructed and the uses for which it is intended. Whether it is to be used in part for the profit, advantage, or peculiar benefit of the city, or exclusively for purposes of a governmental nature is not clearly revealed.

As to the city, we think the judgment of nonsuit should be affirmed; but we cannot say that there is no evidence as to the negligence of the defendant Geary.

There is testimony tending to show that the plaintiff was injured by falling from a scaffold which he had helped to build; that he and Brank were working together as carpenters, and that the construction of the scaffold was a part of the work required of them; that the lumber which went into the scaffold was defective and unsuitable for the purpose; that Harrison was a laborer, whose duty it was to see that everyone who asked for material "got it when he wanted it"; that Lee Drake was foreman, and had supervision of the laborers and carpenters; that he told Harrison to get some material for the scaffold; that when it was brought in he told the plaintiff and Brank to build the scaffold out of the material furnished; and, finally, that defective lumber was the cause of the fall, which resulted in the plaintiff's injury. From this evidence the jury might have drawn the inference that the injury was due to defective workmanship, for which the plaintiff was responsible, or to a failure to inspect the lumber, for which Geary was responsible, or to the concurrent negligence of the plaintiff and Geary.

In *Fowler v. Conduit Co.,* 192 N. C., 14 (p. 18), it is said: "The principles of liability growing out of the use of scaffolds, platforms and walk-

ways, as declared by the decisions of this Court, are as follows: (1) The employer must exercise ordinary care in selecting materials reasonably suitable and safe for the construction of such instrumentalities; (2) ordinary care must be exercised in the construction and inspection thereof; (3) if the employer delegates the construction of such instrumentalities to one of his employees, he is responsible for the manner in which this duty is discharged, and the employee using such instrumentality has a right to assume that the employer has exercised due care both in the selection of proper materials and in the construction of the instrumentalities." See, also, *Burgess v. Power Co.,* 193 N. C., 223, and *Robinson v. Ivey, ibid.,* 805.

There is at least some evidence that Geary negligently failed to make the proper inspection, and in consequence, furnished lumber that was defective. Whether the evidence is convincing must be determined by the jury, not by the court.

As to the city, the judgment of nonsuit is affirmed; as to Geary, a new trial is awarded.