CHARLES E. HORNE AND WIFE, DOROTHY C. HORNE v. CITY OF
    CHARLOTTE AND PAUL HUDSON D/B/A CAROLINA LAWN SERVICE

No. 7826DC642

(Filed 5 June 1979)

Eminent Domain §§ 2, 13; Municipal Corporations § 43— contract with city to
    abate nuisance—contractor not liable for destruction of vegetation—remedy
    against city to recover compensation for taking

> A contractor who is employed by a city to abate a nuisance on private
property by removing trash, weeds and junk therefrom is not liable to the
property owner for damages for the destruction of vegetation on the property
where the contractor did not deviate from the contract through negligence or
otherwise; rather, the owner's remedy is against the city to recover just com-
pensation for the property taken or damaged upon proof that the conduct of
the city in ordering such method of abatement of a nuisance was not within its
police power.

APPEAL by plaintiff from *Brown, Judge.* Order entered 22
February 1978 in District Court, MECKLENBURG County. Heard in
the Court of Appeals 23 April 1979.

This is an action against the City of Charlotte and Paul Hud-
son for damage done to the plaintiffs' property when the City
hired Hudson to abate an alleged nuisance on plaintiffs' property.
The City contracted with Paul Hudson, d/b/a Carolina Lawn Serv-
ice, to remove an accumulation of trash, weeds, and junk.

Plaintiff alleges that:

"6. . . . [T]he defendant Paul Hudson was the agent and
employee of the defendant City and he was operating within
the course and scope of his employment.

7. On or about the 13th day of July, 1977, the defendant City,
by and through defendant Paul Hudson, without the consent
of the plaintiff or either of them, wrongfully and unlawfully
entered onto and upon the land of the plaintiffs, trespassed
thereon, and destroyed a planted blackberry patch, destroyed
an assortment of small bushes, and removed a cover crop of
honeysuckle vines which had served to hold the soil in place
and prevent erosion.

8. By reason of the wrongful and unlawful conduct of the defendant aforesaid, the plaintiffs have been damaged to the extent of $5,000.00."

Defendant City answered the complaint and included a motion to dismiss the action for plaintiffs' failure to comply with G.S. 1-539.15 by improperly instituting the action in less than 30 days following the notice to the City that an action would be commenced. The City also avers, by way of defense, that the weeds growing on the property amounted to a nuisance; that the plaintiffs refused to permit the City to enter their land to abate the alleged nuisance; that the city council, pursuant to statutory authority, enacted "an ordinance finding that the accumulation of weeds, trash, and junk on plaintiffs' property constituted a nuisance"; and that the City ordered the nuisance abated with costs for removal to be charged to the owners and a lien placed on the property.

Defendant Hudson answered the complaint and included a motion to dismiss on the grounds that plaintiffs' cause of action, if any, was against the City for the taking of property in an action for inverse condemnation, or that if there was a taking under the police power then there would be no recovery because the action of the City would constitute *damnum absque injuria*. In his answer, defendant admits removing the weeds, trash and junk, and avers that he did so in a workmanlike manner without any negligence or wrongdoing on his part. Furthermore, he avers that he was acting as a contractor for the City and that he is, therefore, entitled to defenses available to the City.

The trial court entered an order dismissing the complaint as to both defendants for failure of plaintiffs strictly to comply with G.S. 1-539.15. Plaintiffs appeal from that portion of the order dismissing the defendant Paul Hudson d/b/a Carolina Lawn Service.

*Nelson M. Casstevens, Jr., for plaintiff appellants.*

*Office of the City Attorney, by W. A. Watts, for defendant appellees.*

MORRIS, Chief Judge.

The narrow question presented by this appeal is whether the plaintiffs' complaint is sufficient to allege a claim for relief

against the defendant Paul Hudson, d/b/a Carolina Lawn Service. Plaintiffs contend that G.S. 1-539.15, the statute relied upon by the trial court in dismissing plaintiffs' complaint against Paul Hudson, is inapplicable to that portion of the complaint directed against the individual defendant. Their contention is that Hudson, being an individual contractor for the City, is personally liable for his own tortious acts. Defendant, on the other hand, contends that there is no independent cause of action against Hudson absent an allegation of negligence on his part, because Hudson was acting within the scope of his contract with the City. Therefore, dismissal of the action against the City required dismissal of the action against Hudson. In the alternative, the defendant argues that even if the reason stated in the order was improper, the complaint fails to state a claim for relief, as pointed out in defendant's motions because there is no allegation of negligence nor conduct *ultra vires* the City by defendant.

The law with respect to the liability of the contractors of a municipality for wrongful acts generally is the same as that applying to contractors of a private business. A contractor meeting the requirements of an independent contractor is, subject to exceptions discussed below, solely responsible for his own wrongful acts. *Drake v. Asheville*, 194 N.C. 6, 138 S.E. 343 (1927); *see generally* 18 McQuillen, Municipal Corporations § 53.75 a. (3d ed. rev. 1977). On the other hand, when control over the manner and performance of the work is maintained by the city, the employee and the municipality both are liable to the same extent as any employer and employee. *Bailey v. Winston*, 157 N.C. 252, 72 S.E. 966 (1911); 18 McQuillen, supra, § 53.76 a. Defendant Hudson apparently took the position that he was acting as an independent contractor when he answered the complaint averring that he was acting as an "*individual* contractor", whereas plaintiffs alleged that Hudson was acting within the course and scope of his employment as an agent and employee of the City. However, we need not determine in which category Hudson falls. The alleged conduct by defendants in this action, if taken as true, is conduct for which the City of Charlotte is solely responsible.

It is an established doctrine that when a contractor, whether as an independent contractor or employee, is employed to do an act allegedly unlawful in itself, such as committing a trespass, the

municipality is solely liable for the resulting damages. *See generally* 18 McQuillen, supra, § 53.76 d.; *see also Leppo v. City of Petaluma*, 20 Cal. App. 3d 711, 97 Cal. Rptr. 840 (1971); *Kaler v. Puget Sound Bridge & Dredging Co.*, 72 Wash. 497, 130 P. 894 (1913); *DiMaggio v. Mystic Building Wrecking Co.*, 340 Mass. 686, 166 N.E. 2d 213 (1960). This proposition was recognized by our Supreme Court in *Drake v. Asheville*, supra, where the Court found that in order for the municipality to avoid liability for the conduct of its independent contractor, the contract *inter alia* must provide for work that lawfully may be performed. Similarly, in *Bailey v. Winston*, supra, the Court observed that a city may be responsible even for the acts of an independent contractor when the contract properly performed is either intrinsically dangerous or violates a duty which the city owes to the person injured. The general rule that a contractor or agent lawfully acting on behalf of a principal to whom the right of eminent domain has been accorded cannot be held personally liable if the contract is performed without negligence on his part was recognized in *Insurance Co. v. Blythe Brothers Co.*, 260 N.C. 69, 131 S.E. 2d 900 (1963). The principle is a sound one. The reasoning behind the rule was well stated in an opinion of the Supreme Court of Appeals of Virginia and quoted with approval in *Highway Commission v. Reynolds Co.*, 272 N.C. 618, 159 S.E. 2d 198 (1968). The Court's opinion, authored by Whittle, Judge, in reversing a judgment for landowners where it was admitted that the contractor performed the contract without negligence, said:

> "If this were not the rule [i.e., if the contractor were liable under these circumstances], the State or subdivisions thereof having the power to condemn private property for public use, would find it difficult to secure bids from contractors. The contractor's bid is based upon the theory that the public agency has a legal right to submit its plans and specifications for the work to be performed, and that if he performs the work in accordance with the plans and specifications he will incur no liability in the absence of negligence. The public agency and not the contractor is the party clothed with the power of eminent domain, and if there is to be any special or unforeseen liability attached to the exercise of this power then it should be borne by the agency as an incident to the peculiar power.

Horne v. City of Charlotte

This conclusion is amply supported by the authorities. The public agency or corporation causing the land to be condemned or the work to be done is primarily liable for injuries caused by the exercise of the power of eminent domain. [Citations omitted.] And this applies to property taken or damaged by a city, county or other political subdivision. [Citations omitted.] A contractor or agent lawfully acting on behalf of a principal to whom the right of eminent domain has been accorded, in making a proposed public improvement, cannot be held personally liable for damages if such improvement is made without negligence on his part. [Citations omitted.]" *Tidewater Constr. Corp. v. Manly*, 194 Va. 836, 839-40, 75 S.E. 2d 500, 502 (1953).

Analogous principles have been applied in cases involving the construction of highways under the authority of the State which, like a municipality, has the power of eminent domain. In *Sales Co. v. Board of Transportation*, 292 N.C. 437, 233 S.E. 2d 569 (1977), the Court recognized the principle that a contractor employed by the Board of Transportation for the performance of work in connection with the construction or maintenance of a highway, and who performs his work with proper care and skill, cannot be held liable by the owner of property for the performance of the contract. The remedy is against the Board of Transportation for "inverse condemnation". Similarly, in *Highway Commission v. Reynolds Co., supra*, a highway contractor's work performed strictly according to the contract caused damages to nearby buildings. When the State sued the contractor for recovery of damages it was required to pay in an inverse condemnation proceeding, the Court held that the contractor was not liable unless the State discharged a liability on account of some wrongful act for which the contractor was primarily liable. *See also Moore v. Clark*, 235 N.C. 364, 70 S.E. 2d 182 (1952).

With these principles in mind, we direct our discussion to the sufficiency of the pleadings. According to *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970), "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 277 N.C. at 103, 176 S.E. 2d at 166, *quoting*, 2A Moore's Federal Practice ¶ 12.08 (2d ed. 1968).

Plaintiffs allege that defendant Hudson "wrongfully and unlawfully entered onto and upon the lands of the plaintiffs, trespassed thereon", and destroyed certain vegetation while Hudson was "within the course and scope of his employment". Hudson answered admitting that he did remove the accumulation of trash, weeds, and junk, but averred that it was all pursuant to his contract with the City. From the foregoing discussion it is clear that plaintiffs must establish that defendant Hudson deviated from the contract through wrongful conduct of his own before plaintiffs may establish a cause of action against him. Plaintiffs' complaint has alleged no deviation from the contract through negligence or otherwise, nor has it alleged facts which suggest that plaintiffs could prove such a deviation. On the face of the pleadings before us, taking plaintiffs' allegations as true, the complaint fails to state a claim against defendant Hudson for which relief may be granted.

Plaintiffs' right of recovery, if any, was properly against the City of Charlotte, under the test of whether the conduct by the City in ordering this method of abatement of the nuisance was within its police power. If not, the action would amount to a taking of private property which would entitle plaintiffs to bring an action for just compensation. *See Rhyne v. Mt. Holly*, 251 N.C. 521, 112 S.E. 2d 40 (1960). The order of the trial court dismissing plaintiffs' complaint is, therefore,

Affirmed.

Judges HEDRICK and WEBB concur.