IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-1371

Filed: 17 July 2018

Stokes County, No. 15 CVS 843

DERRICK HAMBY, Plaintiff,

v.

THURMAN TIMBER COMPANY, LLC, and TIMOTHY W. THURMAN, Defendants-Appellees,

v.

LLOYD ALVIS CLINE, Third Party Defendant-Appellee.

Appeal by plaintiff from order granting summary judgment entered 22 May 2017 by Judge Richard S. Gottlieb in Stokes County Superior Court. Heard in the Court of Appeals 16 May 2018.

*Smith Law Group, PLLC, by Matthew L. Spencer and Steven D. Smith, for plaintiff-appellant.*

*Dean & Gibson, PLLC, by Michael G. Gibson and Michael R. Haigler, for defendants-appellees.*

*Henson & Talley, LLP, by Karen Strom Talley, for third party defendant-appellee.*

ZACHARY, Judge.

Plaintiff Derrick Hamby appeals the trial court's order granting defendants' motion for summary judgment. For the reasons explained herein, we affirm.

## Background

On 18 December 2015, plaintiff filed an unverified complaint in which he asserted claims for (1) trespass to land, (2) damage to real property, (3) conversion, and (4) negligence against defendants Timothy Thurman and Thurman Timber Company, LLC. Plaintiff also asked that the court pierce the corporate veil and hold defendant Timothy Thurman personally liable to plaintiff. In his complaint, plaintiff alleged that "[i]n August 2011, [p]laintiff's neighbor . . . [Loyd Alvis Cline] hired [d]efendants to perform tree cutting on trees owned by Neighbor." He also alleged that "[d]efendants cut down eight (8) acres of trees on [p]laintiff's property ("Property") that [d]efendant did not have permission to cut."

In June 2010, Cline and Timberland Properties, Inc. entered into a "Timber Purchase and Sales Agreement" for the purchase of certain timber located on Cline's property. Subsequently, Timberland Properties, Inc. assigned the timber rights under the agreement to Thurman Timber Company, LLC. The "Assignment of Timber Deed" provided that Thurman Timber Company, LLC would have until 8 June 2011 "to remove timber from the described property."

The cutting operations on Cline's property occurred during the summer of 2011. Plaintiff had been approached by several individuals, including defendant Timothy Thurman, "to inquire if [he] would be interested in selling timber located on [his] property." In August 2011, plaintiff was informed by Mrs. Cline "that the

[d]efendants had cut timber on [his] property . . . ." After inspecting his property, plaintiff "realized that approximately 8 acres of [his] land had been harvested for timber[.]" As a result, plaintiff filed this action.

On 14 February 2017, defendants moved for summary judgment on all claims, and the parties engaged in discovery. After a hearing on 15 May 2017, the trial court granted defendants' motion for summary judgment as to all of plaintiff's claims, and dismissed the claims with prejudice. Plaintiff now appeals from this order.

**Standard of Review**

This Court reviews *de novo* the trial court's ruling on a motion for summary judgment. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2017).

Initially, " 'the burden of establishing the lack of any triable issue of fact' " rests on the moving party. *Draughon v. Harnett County Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003) (quoting *Pacheco v. Rogers & Breece, Inc.*, 157 N.C. App. 445, 447, 579 S.E.2d 505, 507 (2003)). "A defendant may show he is entitled to summary judgment by '(1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce

evidence to support an essential element of his or her claim, or (3) showing the plaintiff cannot surmount an affirmative defense which would bar the claim.' " *Williams v. Advance Auto Parts, Inc.*, __ N.C. App. __ , __ , 795 S.E.2d 647, 651 (2017), *disc. review denied*, 369 N.C. 563, 799 S.E.2d 45 (2017) (quoting *Frank v. Funkhouser*, 169 N.C. App. 108, 113, 609 S.E.2d 788, 793 (2005)). "If [the] moving party shows that no genuine issue of material fact exists for trial, the burden shifts to the nonmovant to adduce specific facts establishing a triable issue." *Self v. Yelton*, 201 N.C. App. 653, 658-59, 688 S.E.2d 34, 38 (2010) (citing *Will of Jones*, 362 N.C. at 573, 669 S.E.2d at 576).

**Discussion**

On appeal, plaintiff argues that the trial court erred in granting defendants' motion for summary judgment. We address each claim individually.

I. Trespass to Land Claim

Plaintiff argues that the trial court erred in granting defendants' motion for summary judgment on plaintiff's claim of trespass to land, asserting that a genuine issue of material fact existed as to whether Otis Hill Logging was an independent contractor, and that, "even if [d]efendants['] contention that they did not personally or manually remove the timber themselves is true, . . . they are liable as a joint tortfeasor . . . ." We disagree.

As our Supreme Court has stated, " 'a claim of trespass requires: (1) possession of the property by the plaintiff when the alleged trespass was committed; (2) an unauthorized entry by the defendant; and (3) damage to [the] plaintiff [from the trespass].' " *Singleton v. Haywood Elec. Mbrshp. Corp.*, 357 N.C. 623, 627, 588 S.E.2d 871, 874 (2003) (quoting *Fordham v. Eason*, 351 N.C. 151, 153, 521 S.E.2d 701, 703 (1999)).

"The general rule is that a company is not liable for the torts of an independent contractor committed in the performance of the contracted work." *Coastal Plains Utilities, Inc. v. New Hanover County*, 166 N.C. App. 333, 344, 601 S.E.2d 915, 923 (2004) (citing *Page v. Sloan*, 12 N.C. App. 433, 439, 183 S.E.2d 813, 817 (1971), *aff'd*, 281 N.C. 697, 190 S.E.2d 189 (1972)). "A contractor meeting the requirements of an independent contractor is, subject to exceptions discussed below, solely responsible for his own wrongful acts." *Horne v. Charlotte*, 41 N.C. App. 491, 493, 255 S.E.2d 290, 292 (1979) (citations omitted). In determining whether a person is an independent contractor or an employee, the following factors are examined:

> whether the person (1) is engaged in an independent business, calling, or occupation; (2) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (3) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (4) is not subject to discharge because he adopts one method of doing the work rather than another; (5) is not in the regular employ of the other contracting party; (6) is free to use such assistants as he may think proper; (7) has full control over such assistants;

and (8) selects his own time.

*Coastal Plains*, 166 N.C. App. at 346, 601 S.E.2d at 924 (citing *McCown v. Hines*, 353 N.C. 683, 687, 549 S.E.2d 175, 177-78 (2001)). " 'No particular one of these factors is controlling in itself, and all the factors are not required. Rather, each factor must be considered along with all other circumstances to determine whether the [person] possessed the degree of independence necessary for classification as an independent contractor.' " *Id.* (quoting *McCown*, 353 N.C. at 687, 549 S.E.2d at 178).

In the present case, plaintiff presented no evidence to the trial court that an agency relationship existed between defendants and Otis Hill Logging. As a result, the only evidence before the trial court was that of defendants, supporting their contention that Otis Hill Logging was an independent contractor and not an agent of defendants.

Plaintiff further argues that, even if Otis Hill Logging was an independent contractor, "[d]efendants are still liable in that they employed Otis Hill Logging to do an act allegedly unlawful in itself, committing a trespass on [plaintiff's] property." This argument is without merit.

It is well established that "when a contractor, whether as an independent contractor or employee, is employed to do an act allegedly unlawful in itself, such as committing a trespass, the municipality is solely liable for the resulting damages." *Horne*, 41 N.C. App. at 493-94, 255 S.E.2d at 292 (citations omitted).

Here, plaintiff bases his argument on the contention that:

> [b]y all accounts, Mr. Cline, Mr. Thurman and an employee from Otis Hill Logging met prior to any timbering . . . to observe the property boundaries, [and] a dispute about which boundaries [were] shown exists. Despite this meeting and the inclusion of the legal description of the land to be cut in the timber assignment, an overcut occurred.

However, this evidence does not support the allegation that defendants contracted with Otis Hill Logging to trespass on plaintiff's property.

Accordingly, there existed no genuine issue of material fact and defendants were entitled to summary judgment on plaintiff's claim for trespass to land.

II. Conversion Claim

Next, plaintiff argues that the trial court erred in granting defendants' motion for summary judgment on plaintiff's claim for conversion. We disagree.

Under North Carolina law, "the tort of conversion is well defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.' " *Variety Wholesalers, Inc., v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) (quoting *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956) (alterations omitted)). "Two essential elements are necessary in a claim for conversion: (1) ownership in the plaintiff, and (2) a wrongful conversion by the defendant." *Bartlett Milling Co. v.*

*Walnut Grove Auction & Realty Co.,* 192 N.C. App. 74, 86, 665 S.E.2d 478, 489 (2008) (citing *Lake Mary Ltd. P'ship. v. Johnston,* 145 N.C. App. 525, 532, 551 S.E.2d 546, 552, *disc. rev. denied,* 354 N.C. 363, 557 S.E.2d 539 (2001)).

Plaintiff asserts that the trial court erred in granting summary judgment on his claim for conversion because "[d]efendants exercised the right of ownership over timber belonging to [p]laintiff," and because "[p]laintiff is the true owner of the timber that was cut and harvested and which [d]efendant paid a total of $21,112.60 to Otis Hill for the timber Otis Hill allegedly removed from [p]laintiff's property." Defendants maintain that plaintiff's assertion regarding the payment is incorrect; this payment was for Cline's timber, not Hamby's. Defendants further assert that "[p]laintiff has failed to put forward any evidence in the record that either Timothy Thurman or Thurman Timber Company, LLC entered the [p]laintiff's property or cut down any trees." We agree with defendants.

Defendants presented evidence that they hired Otis Hill as an independent contractor to cut the timber from Cline's property. Plaintiff presented no evidence that defendants personally converted any of his property, or that defendants purchased the timber cut from plaintiff's property. As a result, plaintiff failed, as a matter of law, to establish a claim for conversion. Defendants were entitled to summary judgment on plaintiff's claim for conversion.

III. Negligence Claim

Plaintiff argues that "genuine issues of material fact exist as to [who] entered onto [p]laintiff's land, if Otis Hill Logging is an independent contractor or employee and whether [d]efendant[s] exercised the same degree of care which a reasonable and prudent person would in similar conditions." Plaintiff further argues that, "to the extent Otis Hill Logging is an independent contractor, the work which they were contracted to perform was unlawful in itself, therefore their negligence can be imputed on [d]efendant." We disagree.

"Summary judgment is seldom appropriate in a negligence action. A trial court should only grant such a motion where the plaintiff's forecast of evidence fails to support an essential element of the claim." *Wallen v. Riverside Sports Ctr.*, 173 N.C. App. 408, 411, 618 S.E.2d 858, 861 (2005) (citing *Bostic Packaging, Inc. v. City of Monroe*, 149 N.C. App. 825, 830, 562 S.E.2d 75, 79 (2002)). Nonetheless,"[a] '[p]laintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, [summary judgment] is proper.' " *Frankenmuth Ins. v. City of Hickory*, 235 N.C. App. 31, 34, 760 S.E.2d 98, 101 (2014) (quoting *Young v. Fun Services-Carolina, Inc.,* 122 N.C. App. 157, 162, 468 S.E.2d 260, 263 (1996)).

Actionable negligence has been defined as the "failure to exercise that degree of care which a reasonable and prudent person would exercise under similar

conditions. A defendant is liable for his negligence if the negligence is the proximate cause of injury to a person to whom the defendant is under a duty to use reasonable care." *Hart v. Ivey*, 332 N.C. 299, 305, 420 S.E.2d 174, 177-78 (1992) (citations omitted). In order to establish a *prima facie* case of negligence against the defendant, the plaintiff must demonstrate that: "(1) the defendant owed the plaintiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered damages as a result of the injury." *Wallen*, 173 N.C. App. at 411, 618 S.E.2d at 861 (quoting *Vares v. Vares*, 154 N.C. App. 83, 87, 571 S.E.2d 612, 615 (2002), *disc. review denied*, 357 N.C. 67, 579 S.E.2d 576-77 (2003)).

As discussed above, plaintiff presented no evidence that defendants personally removed the timber from plaintiff's property, much less removed it in a negligent manner. Moreover, plaintiff presented no evidence that Otis Hill Logging was an employee of defendants, and made no assertion that defendants were negligent in hiring Otis Hill Logging to remove the timber from Cline's property. Accordingly, the trial court properly granted summary judgment in favor of defendants with regard to plaintiff's negligence claim.

IV. Damage to Real Property Claim

In plaintiff's complaint, he alleged a separate cause of action for damage to real property. The claim of damage to real property was dismissed with prejudice by the

trial court in its order granting summary judgment, from which plaintiff appeals. However, in his brief, plaintiff fails to support this issue with either cogent argument or citation to relevant legal authority. Accordingly, this argument has been abandoned. *See Wilson v. Pershing, LLC*, __ N.C. App. __, __, 801 S.E.2d 150, 156 (2017) (quoting N.C.R. App. P. 28(b)(6)) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

V. Piercing the Corporate Veil

Finally, plaintiff asks that this Court permit him to resume litigation of his "claim for piercing the corporate veil," so that the usual limited liability of corporate officers and directors may be disregarded. Piercing the corporate veil is a mechanism that "allows injured parties to bring claims against individuals who otherwise would have been shielded by the corporate form." *Green v. Freeman*, 367 N.C. 136, 145, 749 S.E.2d 262, 270 (2013). As our Supreme Court has recognized, "[t]he doctrine of piercing the corporate veil is not a theory of liability. Rather, it provides an avenue to pursue legal claims against corporate officers or directors who would otherwise be shielded by the corporate form." *Id.* at 146, 749 S.E.2d at 271.

In the present case, summary judgment was granted on plaintiff's claims against defendants. Accordingly, it is unnecessary for this Court to address plaintiff's additional arguments with regard to piercing the corporate veil.

## Conclusion

For the reasons set forth above, the trial court's order granting summary judgment is

AFFIRMED.

Judges ELMORE and HUNTER, JR. concur.